IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jose Trinidad Moreno, | ) | Crim. No.: 6:15-cr-00360-JMC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Jose Trinidad Moreno, proceeding *pro se*, filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 193.) In response, the Government filed a Motion for Summary Judgment (ECF No. 203.) For the reasons stated below, the court **GRANTS** the Government's Motion for Summary Judgment (ECF No. 203) and **DISMISSES** Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 193) without a hearing.

**I.      FACTS AND PROCEDURAL HISTORY**

On April 21, 2016, this court sentenced Petitioner to a one hundred fifty-one (151) month term of imprisonment after he pleaded guilty to conspiring to possess with the intent to distribute methamphetamine and marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(C), (b)(1)(D), and 846. (ECF No. 107 at 1-2.) Petitioner expressly waived his rights to appeal his conviction under his plea agreement, along with his right to challenge his conviction through post-conviction proceedings. (*Id*. at 9.) Petitioner did not file an appeal. On January 9, 2019, over two and a half years after the fourteen (14) day period to file an appeal had expired, Petitioner filed this motion (ECF No. 193), arguing (1) he was actually innocent of the conspiracy charge, and that "the court erred in imposing a ten-year mandatory minimum sentence to [] non-criminal conduct"

1

because the court "failed to make a specific finding that [Petitioner] – rather than the charged conspiracy – was accountable for a particular quantity of drugs (ECF No. 193-1 at 3), (2) the Government did not have a factual basis for his guilty plea and for "attributing to the Petitioner the full amount of the drugs charged in the indictment" (*id*.), and (3) ineffective assistance of counsel for plea counsel's alleged failure to inform him of the elements of the offense and factual basis for his guilty plea (*id*. at 4).  Petitioner effectively asserts that his guilty plea was not knowing and voluntary.  (*Id*.)   The Government filed its Motion for Summary Judgment on April 10, 2019 (ECF No. 203), arguing that Petitioner was not entitled to relief because his Motion was untimely (*id*. at 9-10), and, at any rate, Petitioner could not attack the voluntariness and intelligence of a guilty plea which he did not challenge on direct appeal (*id*. at 12).[1]  Petitioner responded to the Government's Motion, raising largely the same drug-weight attribution argument.  (ECF No. 206 at 1-2.)

## II.     LEGAL STANDARD

### A. Motion to Vacate

Under 28 U.S.C. § 2255, a prisoner in federal custody may petition the court to vacate, set aside, or correct a sentence on the grounds that (1) the imposed sentence "violates the Constitution or the laws of the United States"; (2) the sentencing court lacked jurisdiction; (3) the sentence exceeded "the maximum authorized by law"; or (4) the sentence is "otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  A prisoner attacking a sentence under § 2255 bears the burden of proving the grounds for attack by a preponderance of the evidence.  *See Miller v. United States*,

---

[1] The Government also argued that even if the court reached the merits of Petitioner's argument, he could not obtain relief: His sentence was based on his career offender status (ECF No. 203 at 14), and Petitioner could not establish that his counsel was ineffective under the two-pronged *Strickland* test.  (*Id*. at 14-15.)

261 F.2d 546, 547 (4th Cir. 1958). "The language of § 2255 makes clear that not every alleged sentencing error can be corrected on collateral review." *United States v. Foote*, 784 F.3d 931, 932 (4th Cir. 2015). The Supreme Court has held that if the alleged sentencing error is neither constitutional nor jurisdictional, a petitioner must show that the sentence contains "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974). When the record conclusively shows that the petitioner is not entitled to relief, the court may dismiss the motion outright. 28 U.S.C. § 2255(b).

### B. Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue of material fact for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). When considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under governable law will properly preclude the entry of summary judgment." *Id.* at 248. Further, to show that a genuine issue of material fact exists, the non-moving party must set forth facts beyond "[t]he mere existence of a scintilla of evidence." *Id.* at 252. The non-moving party must present evidence sufficient to demonstrate that a reasonable jury could return a verdict for the non-moving party to avoid summary judgment. *See id.* at 248.

The court is required to interpret *pro se* documents liberally and will hold those documents

to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Although *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

A prisoner in federal custody under sentence of a federal court may petition the court that imposed the sentence to vacate, set aside, or correct the sentence. *See* 28 U.S.C. § 2255. The prisoner may be entitled to relief upon a showing that the sentence was imposed in violation of the constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, and that the sentence is otherwise subject to collateral attack. *Id.* However, § 2255 motions that allege violations of federal law are generally cognizable only if they involve a "fundamental defect which results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974). A petitioner collaterally attacking his conviction pursuant to § 2255 bears the burden of proving his grounds for collateral attack by a preponderance of evidence. *White v. United States*, 352 F. Supp. 2d 684, 686 (E.D. Va. 2004) (citing *Miller v. United States,* 261 F.2d 546 (4th Cir. 1958)).

In ruling on a § 2255 motion, the court may dismiss the motion without a hearing when it conclusively shows from the attached exhibits and the record of prior proceedings that the moving party is not entitled to relief. *See* 28 U.S.C. § 2255(b) (noting that a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).

4

### III.    DISCUSSION

**A.    <u>Timeliness</u>**

A prisoner in federal custody has a one-year limitation period in which to file a motion brought under 28 U.S.C. § 2255. Subject to specific exceptions, *see* § 2255 (f)(2)-(4), the period of limitation begins to run on "the date on which the judgment of conviction becomes final." *See* § 2255(f)(1). In a case where there is no direct appeal, a defendant's conviction becomes final fourteen (14) days after the judgment is entered on the docket. *See* Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of . . . the entry of either the judgment or the order being appealed."); *United States v. Osborne*, 452 F. App'x 294, 295 (4th Cir. 2001) ("Osborne was required to file his § 2255 motion within one year from the date on which his judgment of conviction became final by the conclusion of direct review or expiration of the time for seeking such review.").

Here, Petitioner did not directly appeal his sentence, and his conviction became final on May 5, 2016. Thus, Petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255 was due no later than May 5, 2017, more than one and a half years before it was actually filed on January 9, 2019 (ECF No. 186). *See* 25 U.S.C. § 2255(f). To overcome the timeliness bar of § 2255(f), Petitioner argues that he is "actually innocent" of the conspiracy to which he pled guilty, relying upon the "fundamental miscarriage of justice exception" articulated in *Bousley v. United States*, 523 U.S. 614, 623 (1998). Petitioner correctly argues that *Bousley* and its progeny recognize "a limited 'actual innocence' exception to certain procedural bars to habeas review." *United States v. Jones*, 758 F.3d 579, 583 (4th Cir. 2014). The Supreme Court has emphasized the limited scope of this exception, which requires a petitioner to demonstrate newfound evidence showing "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."

*Schlup v. Delo,* 513 U.S. 298, 327 (1995). Courts, including the Fourth Circuit have largely rejected the notion that a Petitioner may be "actually innocent of his sentence" while factually guilty of the underlying conduct, because "sentencing errors do[] not at all implicate guilt."[2] *Jones*, 758 F.3d at 584. Petitioner cannot surmount his substantial burden to establish his actual innocence here.

At the outset, the court notes that any argument that Plaintiff is actually innocent of the underlying drug conspiracy is without merit. After the court asked him to explain the factual basis of his guilty plea in his own words, Petitioner himself made the following admissions during his plea hearing:

> "Moreno:      [] I was going around with those guys and I was guarding them.
> The Court:   Why were you guarding them?
> Moreno:      Because they often, when they did their business, they were robbed. And so they needed a person like me to guard them to prevent robberies.
> The Court:   And what business are you referring to that they were doing?
> Moreno:      Ice and marijuana.
> The Court:   What were they doing with Ice and marijuana?
> Moreno:      They were selling it.
> The Court:   So you knew they were selling it?
> Moreno:      Yes.
> The Court:   And by guarding them, then you understand that you are in agreement with them with respect to how they were selling it because you were then protecting them to allow them to sell it?
> Moreno:      Yes.
> The Court:   So even if you weren't using these drugs or selling them yourself to other persons or customer, the fact of you being involved with helping them to be

---

[2] One exception to this rule permits petitioners to claim actual innocence of a death penalty sentence in certain contexts, which are inapplicable to this case. *See Sawyer v. Whitley*, 505 U.S. 333, 348 (1992); *see also Jones*, 758 F.3d at 583 n.3.

                                              able to sell it by protecting them, do you understand that that relates to you being charged with this crime?
Moreno:      Yes."

(ECF No. 203 at 4-5 (citing ECF No. 200 at 28-29).) The exchange demonstrates not only that Petitioner acknowledged the actions which gave rise to this conspiracy prosecution, but also that upon the court's clarification, he admitted those actions rendered him guilty as charged. Petitioner's claims that his plea counsel was ineffective in helping him understand the elements of the offense, or that the court improperly calculated drug weight during sentencing[3] do not implicate his actual innocence of the criminal conduct. These contentions do not surmount his heavy burden to demonstrate that his conviction amounted to a "fundamental miscarriage of justice." Because Petitioner cannot overcome the timeliness bar of 28 U.S.C. § 2255(f), he is not entitled to habeas relief.

### B. Appeal Waiver

The court emphasizes again that Petitioner pleaded guilty to the charges he now contests. It is well-established that "when a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to the entry of the plea." *United States v. Moussaoui*, 591 F.3d 263, 279 (4th Cir. 2010), *as amended* (Feb. 9, 2010) (citing *United States v. Bundy,* 392 F.3d 641, 644 (4th Cir. 2004)). Moreover, "if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. Tate*, 845 F.3d 571, 574 n.1 (4th Cir. 2017) (internal quotation marks and citation omitted). Here, the court deemed

---

[3] In *Jones*, the Fourth Circuit determined that the "actual innocence" exception "does not extend to cases in which a movant asserts actual innocence of his sentence, rather than of his crime of conviction." *Jones*, 758 F.3d at 586. Petitioner's "actual innocence" argument regarding any error in sentencing is therefore barred by *Jones*.

Petitioner's plea voluntary and intelligent. (ECF No. 200 at 12.) During his plea and sentencing hearings before this court, Petitioner expressed satisfaction with his attorney and affirmed his agreement with the terms of his plea agreement. (*Id*. at 12-14.) These circumstances therefore "foreclose[] federal collateral review of allegations of antecedent constitutional deprivations." *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1294-96 (4th Cir. 1992). Thus, "[o]nce judgment on a plea is final, collateral inquiry is limited to whether the plea itself was counseled and voluntary." *Id.* (citing *United States v. Broce*, 488 U.S. 563 (1989); *Tollett v. Henderson*, 411 U.S. 258, 266–67 (1973)).) Moreover, "even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review . . . Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley*, 523 U.S. at 621. Because Petitioner did not appeal his conviction and sentence, he cannot now challenge the voluntariness and intelligence of his plea at the post-conviction stage. Here, Petitioner's ineffective assistance claims raise merits issues regarding counsel's pre-plea performance. And though the court does not reach the merits of Petitioner's ineffective assistance arguments today, it notes nonetheless that the record is replete with evidence that counsel's performance in this case did not fall below *Strickland*'s modest threshold.[4] Petitioner's arguments are therefore subject to dismissal through his knowing and voluntary guilty plea and cannot support his claims for relief.

## IV.     CONCLUSION

After a thorough review, the court **GRANTS** the Government's Motion for Summary Judgment (ECF No. 203) and **DISMISSES** Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 193) without a hearing.

---

[4] To prevail on a claim of ineffective assistance of counsel, the defendant must prove that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficiencies prejudiced his defense. *Strickland v. United States*, 466 U.S. 668 (1984). A defendant who alleged

## V.     CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  See *Miller-El v. Cockrell*, 536 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, the court **DECLINES** to grant a certificate of appealability.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

February 4, 2022
Columbia, South Carolina

---

ineffective assistance of counsel following entry of a guilty plea has an even higher burden to meet. See *Lafler v. Cooper*, 132 S. Ct. 1376 (20120; *Hill v. Lockhart*, 474 U.S. 52, 53-59 (1985); *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988).  In *Hooper*, the Fourth Circuit stated that:

> "When a defendant challenges a conviction entered after a guilty plea, [the] "prejudice" prong of the [Strickland] test is slightly modified.  Such a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on trial."

*Hooper*, 845 F.2d at 475.  Petitioner cannot meet this burden because he has not presented credible evidence supporting either *Strickland* prong.  For instance, the record demonstrates that in light of his attorney's negotiations with the Government, Petitioner was not convicted of several charges in his indictment, including a violation of 18 U.S.C. § 924(c) which would have subjected him to a Guidelines range of 262 to 327 months of imprisonment.  (ECF No. 203 at 15.)  At Petitioner's sentencing hearing, the Government acknowledged the "tremendous benefit" he earned though his counsel's lawyering.   (*Id*. (citing ECF No. 201 at 9).)  Petitioner's sentence was substantially lower than originally requested by the Government, and it is therefore unlikely that he can demonstrate prejudice stemming from any substandard performance by counsel.

9